IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ROSANNE BARRASSO LUCIANO and ) <br> NICHOLAS LUCIANO, ) <br> ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> RANDSTAD HR SOLUTIONS OF ) <br> DELAWARE, LP; MACY'S RETAIL ) <br> HOLDINGS, INC.; KATHLEEN ) <br> MEYERS; MARLA SMITH; and ) <br> RUTH LOFTON, ) <br> ) <br>     Defendants. ) | No. 11-3095-STA |

### ORDER DENYING PLAINTIFFS' MOTION TO REMAND

Before the Court is Plaintiffs Rosanne Barrasso Luciano and Nicholas Luciano's Motion to Remand (D.E. # 6) filed on December 20, 2012. Defendants removed this action from Shelby County Chancery Court on December 16, 2011, and responded in opposition to Plaintiffs' Motion to Remand on December 22, 2011. For the reasons set forth below, Plaintiffs' Motion is **DENIED**.

### BACKGROUND

On November 16, 2011, Plaintiffs filed a Complaint in Shelby County Chancery Court, alleging claims for hostile work environment and wrongful termination in violation of the Tennessee Human Rights Act ("THRA"). The Complaint alleges that Defendants Kathleen Meyers, Marla Smith, and Ruth Lofton were supervisors or managers for Defendant Macy's Retail Holdings, Inc. (hereinafter "Macy's"). Plaintiff Rosanne Barrasso Luciano was employed by Defendant Randstad

1

HR Solutions of Delaware, LP, as a fragrance vendor assigned to a Macy's store. On October 2, 2010, Plaintiff was directed to leave the Macy's premises by Defendant Meyers, the fragrance counter manager of the Macy's store. Plaintiff alleges that it was customary at Macy's for fragrance vendors to wear clothing sold by Macy's (without removing the tags) while on duty at the fragrance counter and then to return the clothing at the end of the shift. Plaintiff specifically contends that Defendant Meyers targeted her for hostile treatment on the basis of her race, sex, and age.

In their Notice of Removal, Defendants argue that removal was proper based on the diversity of citizenship of the parties. Although Plaintiffs and Defendants Meyers, Smith and Lofton are residents of Tennessee, Defendants assert that Plaintiffs have fraudulently joined the non-diverse Defendants. Defendants state that Plaintiffs have failed to state a colorable claim against any of the non-diverse Defendants. The allegations against Defendants Meyers, Smith, and Lofton are in their respective capacities of employees of Macy's and concern acts undertaken in the course of their job duties. Therefore, Defendants argue that the non-diverse Defendants were fraudulently joined. In their Motion to Remand, Plaintiffs argue that their claims against Defendants Meyers, Smith, and Lofton are for intentional interference with Plaintiff Rosanne Luciano's at-will employment. Based on the conduct alleged, Plaintiffs maintain that the non-diverse Defendants are proper parties.

## ANALYSIS

The Court holds that the non-diverse Defendants have been fraudulently joined, and so Plaintiffs' Motion to Remand must be denied. The burden to establish federal jurisdiction rests with the removing party.[1] As a matter of law, fraudulent joinder of non-diverse defendants will not defeat

---

[1] *Gafford v. General Electric Co.,* 997 F.2d 150, 155 (6th Cir. 1993).

removal on diversity grounds.[2]  To prove fraudulent joinder, "the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law."[3]  If the Court determines that there exists a "colorable basis for predicting that a plaintiff may recover against [a] non-diverse" defendant, the Court must remand to state court.[4]  The Court must resolve all disputed facts and questions of state law in favor of the non-removing party.[5]

Applying these standards to the question presented in Defendants' Motion, the Court concludes that Defendants have established that Meyers, Smith, and Lofton have been fraudulently joined.  There is sufficient evidence that Plaintiffs do not have a cause of action against the non-diverse Defendants.  Plaintiffs' arguments to the contrary, it is not at all clear to the Court that Plaintiffs' have even stated a claim against Defendants Meyers, Smith, and Lofton.  The Complaint alleges that Plaintiffs' suit seeks relief for hostile work environment and wrongful termination pursuant to the THRA.  However, as Defendant correctly argues, "Tennessee courts hold that the THRA generally does not impose individual liability on supervisors or co-workers."[6]  Therefore, to the extent that the pleadings include such a claim, Plaintiffs have failed to state it against Defendants Meyers, Smith, and Lofton.

---

[2] *Alexander v. Electronic Data Sys. Corp.,* 13 F.3d 940, 949 (6th Cir. 1994).

[3] *Coyne v. American Tobacco Co.,* 183 F.3d 488, 493 (6th Cir. 1999).  The Court notes that there need not be evidence of actual fraud in order to establish fraudulent joinder.

[4] *Id*.

[5] *Id*.

[6] *McNeail-Tunstall v. Marsh USA*, 307 F. Supp. 2d 955, 974 (W.D. Tenn. 2004).

In their Motion to Remand, Plaintiffs argue that Mrs. Luciano's claim against the non-diverse Defendants is actually one for intentional interference with her at-will employment. Defendants contend that Plaintiffs have failed to state this claim against the non-diverse Defendants and argue that even if Plaintiffs have stated such a claim, the claim is now time-barred. This Court recently held that "where the employment relationship is for a definite term, *i.e.* not terminable at will, then an interest in an employment contract is damaged thereby triggering the three (3) year period of Tenn. Code Ann. § 28–3–105."[7] Where the plaintiff's employment was terminable at will, "no property interest in future employment exists to be damaged thus falling under injury to the person pursuant to Tenn. Code Ann. § 28–3–104."[8] The Court notes that Plaintiffs' pleadings have not alleged whether Mrs. Luciano's employment was for a definite term or was at-will. Nevertheless, she has argued in her Motion to Remand that her allegations against Defendants Meyers, Smith, and Lofton are for the intentional inference with her at-will employment. Based on this apparent concession, the Court holds that the one-year statute of limitations found at Tenn. Code Ann. § 28–3–104 applies to Mrs. Luciano's claims against Defendants Meyers, Smith, and Lofton.[9] Because Plaintiffs filed their Complaint on November 16, 2011, it follows that any claims accruing before November 15, 2010 are now time barred.

The Court holds that Mrs. Luciano's claims against Defendants Meyers, Smith, and Lofton are untimely. It is settled under Tennessee law that a plaintiff's cause of action accrues at the time

---

[7] *Evans v. Walgreen Co.*, No. 09-2491, 2011 WL 3757553, at *28 (W.D. Tenn. Aug. 25, 2011) (quoting *Sudberry v. Royal & Sun Alliance,* No. M2005–00280–COA–R3–CV, 2006 WL 2091386, at *5 (Tenn. Ct. App. July 27, 2006)).

[8] *Id.* (citing *Stratton v. Wommack,* 230 F. App'x 491, 495 n.5 (6th Cir.2007)).

[9] Tenn. Code Ann. § 28-3-104(a).

of the injury to the employee.[10] For example, the Tennessee Supreme Court has held that for purposes of the THRA, "a discriminatory termination ceases and is complete, when the plaintiff is given unequivocal notice of the employer's termination decision, even if employment does not cease until a designated date in the future."[11] In the case at bar, Plaintiffs allege that Defendants Meyers, Smith, and Lofton are liable for their conduct on October 2, 2010, the date Mrs. Luciano was dismissed from Macy's and escorted from the premises. The Complaint further alleges that "at no time on October 2, 2010, or thereafter was [Mrs. Luciano] contacted by defendant Macy's or anyone on its behalf [to discuss the incident]."[12] Additionally, Mrs. Luciano attached an unsworn statement as an exhibit to her Complaint, in which she stated her belief that Defendant Lofton called Randstad HR Solutions on October 2, 2010, to report that Macy's would not permit Mrs. Luciano to return to work there.[13]

Based on these fact pleadings, Plaintiffs allege that the involvement of Defendants Meyers, Smith, and Lofton in any tortious conduct was complete by October 2, 2010, the date she was asked to leave Macy's. Because any claims against the non-diverse Defendants falls outside of the limitations period, Defendants have carried their burden to show that Plaintiffs could not have

---

[10] Tenn. Code Ann. § 28-3-104(a); *Sudberry v. Royal & Sun Alliance*, 344 S.W.3d 904, 910-11 (Tenn. Ct. App. 2008); *Weber v. Moses*, 938 S.W.2d 387, 392-93 (Tenn. 1996) (discussing accrual of cause of action for wrongful termination).

[11] *Weber v. Moses*, 938 S.W.2d 387, 392 (Tenn. 1996).

[12] Compl. 5.

[13] Compl., ex. A.

established a cause of action against Defendants Meyers, Smith, and Lofton under state law.[14]

Therefore, Plaintiffs' Motion to Remand is **DENIED**, and Plaintiffs' claims against Defendants Meyers, Smith, and Lofton are dismissed with prejudice.

  **IT IS SO ORDERED.**

            **s/ S. Thomas Anderson**
            S. THOMAS ANDERSON
            UNITED STATES DISTRICT JUDGE

            Date: February 22nd, 2012.

---

[14] *See also Gibson v. Am. Bankers Ins. Co.*, 289 F.3d 943, 946 (6th Cir. 2002) ("Dismissal of a complaint because it is barred by the statute of limitations is proper when the statement of the claim affirmatively shows that the plaintiff can prove *no* set of facts that would entitle him to relief.") (emphasis in original).