IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ROSANNE BARRASSO LUCIANO and ) <br> NICHOLAS LUCIANO, ) <br> ) <br>       Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> RANDSTAD HR SOLUTIONS OF ) <br> DELAWARE, LP; MACY'S RETAIL ) <br> HOLDINGS, INC.; KATHLEEN ) <br> MEYERS; MARLA SMITH; and ) <br> RUTH LOFTON, ) <br> ) <br>       Defendants. ) | No. 11-3095-STA |

**ORDER GRANTING DEFENDANTS' JOINT MOTION TO DISMISS**

Before the Court is Defendants Randstad HR Solutions of Delaware, LP and Macy's Retail Holdings, Inc.'s Joint Motion to Dismiss (D.E. # 7) filed on December 22, 2011.[1] Plaintiffs Rosanne Barrasso Luciano and Nicholas Luciano's response brief was due on or before January 23, 2012. On February 2, 2012, the Court ordered Plaintiffs to file a response to the Motion to Dismiss by February 10, 2012. To date Plaintiffs have failed to do so. For the reasons set forth below, Defendants' Joint Motion is **GRANTED**.

**BACKGROUND**

---

[1] Plaintiffs did file a motion to remand the case to state court (D.E. # 6), which the Court is denying in a separate order entered contemporaneously with this order. As more fully explained in the Court's other order, the Court has dismissed claims against Defendants Kathleen Meyers, Marla Smith, and Ruth Lofton.

1

On November 16, 2011, Plaintiffs filed a Complaint in Shelby County Chancery Court, alleging claims for hostile work environment and wrongful termination in violation of the Tennessee Human Rights Act ("THRA"). The Complaint alleges that Defendants Kathleen Meyers, Marla Smith, and Ruth Lofton were supervisors or managers for Defendant Macy's Retail Holdings, Inc. (hereinafter "Macy's"). Plaintiff Rosanne Barrasso Luciano ("Mrs. Luciano") was employed by Defendant Randstad HR Solutions of Delaware, LP, as a fragrance vendor assigned to a Macy's store. On October 2, 2010, Plaintiff was directed to leave the Macy's premises by Defendant Meyers, the fragrance counter manager of the Macy's store. Plaintiff alleges that it was customary at Macy's for fragrance vendors to wear clothing sold by Macy's (without removing the tags) while on duty at the fragrance counter and then to return the clothing at the end of the shift. Plaintiff specifically contends that Defendant Meyers targeted her for hostile treatment on the basis of her race, sex, and age.

In their Joint Motion to Dismiss, Defendants argue that Mrs. Luciano's discrimination claims are now time-barred. According to Defendants, claims under the THRA are subject to a one-year statute of limitations. In this case Mrs. Luciano has alleged that she was wrongfully terminated from her assignment as a fragrance vendor with Macy's on October 2, 2010, and that Randstad HR Solutions terminated her employment on October 14, 2010. Plaintiffs filed their Complaint in state court on November 16, 2011. As a result, Mrs. Luciano's THRA claims are untimely. Furthermore, Mr. Luciano's derivative claims for loss of consortium must be dismissed because Plaintiffs have failed to state the underlying claim for discrimination. Therefore, Defendants contend that the Court should dismiss the Complaint.

## ANALYSIS

The Court holds that all of Plaintiffs' claims must be dismissed. With respect to Mrs. Luciano's THRA claim, an action brought under the THRA must be filed within one year "after the alleged discriminatory practice ceases."[2] It is well-settled under Tennessee law that an employment discrimination cause of action accrues under the THRA "and the statute of limitations begins to run when the employee is given unequivocal notice of the employer's termination decision."[3] Furthermore, Tennessee does not recognize the doctrine of equitable tolling.[4] Most importantly for the claims in the case at bar, the THRA's one-year limitations period for bringing a direct court action is not tolled while administrative charges are pending with the THRC or the EEOC.[5]

Applying these principles to Mrs. Luciano's THRA claims, the Court holds that the claims are now time-barred. Only THRA claims accruing on or after November 16, 2010, one year prior to the filing of the initial Complaint, fall within the one-year statute of limitations. The pleadings indicate that Mrs. Luciano was dismissed from her work assignment at Macy's on October 2, 2010, at which time she was allegedly told that she would not be permitted to return to work at Macy's. The pleadings further allege that Mrs. Luciano was dismissed by Randstad HR Solutions on October 14, 2010. Assuming for purposes of this analysis that Mrs. Luciano received final notice of her termination on October 14, 2010, the allegedly discriminatory act is outside of the one-year statute of limitations. The Complaint nevertheless alleges that Mrs. Luciano filed an administrative charge

---

[2] Tenn. Code Ann. § 4–21–311(d) (2011); *Weber v. Moses,* 938 S.W.2d 387, 389–90 (Tenn.1996)

[3] *Fahrner v. SW Mfg., Inc.,* 48 S.W.3d 141, 144 (Tenn. 2001).

[4] *Norton v. Everhart,* 895 S.W.2d 317, 321 (Tenn. 1995).

[5] *Burnett v. Tyco Corp.,* 932 F. Supp. 1039, 1044 (W.D. Tenn. 1996).

with the EEOC on November 18, 2010, and received her right to sue notice on August 18, 2011. Based on the right to sue notice, Plaintiffs allege that their claims are timely. However, under Tennessee law, the filing of an administrative charge does not toll the THRA's statute of limitations. Therefore, Defendants' Joint Motion to Dismiss is **GRANTED** as to Mrs. Luciano's THRA claims.

Likewise, the remaining claim for loss of consortium asserted by Mr. Luciano is dismissed. Under Tennessee law, "there shall exist in cases where such damages are proved by a spouse, a right to recover for loss of consortium."[6] Loss of consortium is defined as "the conjugal fellowship of husband and wife, and the right of each to the company, cooperation, affection and aid of the other in every conjugal relation."[7] "Although loss of consortium is a cause of action distinct and separate from the injured spouse's claim, it remains a derivative claim."[8] It follows that a "spouse seeking recovery for loss of consortium cannot recover unless the defendant has been held liable to the injured spouse."[9] Because the Court holds that Mrs. Luciano's THRA claims were filed out of time, the Court also holds that Mr. Luciano has failed to state a derivative claim for loss of consortium. Therefore, Defendants' Joint Motion to Dismiss is **GRANTED** as to this claim.

## CONCLUSION

Plaintiffs have failed to state a claim upon which relief may be granted. Mrs. Luciano's claims under the THRA are barred by the Act's one-year statute of limitations for direct court

---

[6] *Williams v. United States*, 754 F. Supp. 2d 942, 955 (W.D. Tenn. 2010) (quoting Tenn.Code Ann. § 25–1–106).

[7] *Jackson v. Miller,* 776 S.W.2d 115, 116–17 (Tenn. Ct. App. 1989).

[8] *Williams*, 754 F. Supp. 2d at 955 (citations omitted).

[9] *Id.* (citation omitted).

actions. Having failed to state those claims, the loss of consortium claim alleged by Mr. Luciano and derived from the time-barred THRA claims of Mrs. Luciano is subject to dismissal. Therefore, Defendants' Joint Motion to Dismiss is **GRANTED**.

    **IT IS SO ORDERED.**

                                      **s/ S. Thomas Anderson**
                                      S. THOMAS ANDERSON
                                      UNITED STATES DISTRICT JUDGE

                                      Date: February 22nd, 2012.